**520**

stration which indicated to him that she was going to do him any harm. Of course, after he had struck at her with a knife, known as an "East Dallas Special", some of the men appeared upon the scene and "worked him over" but the assault, if any, upon Mrs. Sloan had already occurred.

Believing that the case was properly disposed of on the original submission, the motion for rehearing is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

The record is before us without a statement of facts or bills of exception. Appellant entered a plea of guilty to the offense charged and waived a jury upon the trial. The indictment and all other matters of procedure appear to be in regular form.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### EVANS v. STATE.

No. 22745.

Court of Criminal Appeals of Texas.

Feb. 2, 1944.

Rehearing Denied March 22, 1944.

Alex P. Pope, of Tyler, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

GRAVES, Judge.

Under his plea of guilty of the offense of burglary, appellant was assessed a punishment of two years' confinement in the penitentiary.

The indictment appears to be in proper form. The record is before this court without statement of facts or bills of exceptions. Nothing is presented for review.

The judgment is therefore affirmed.

### HAWKINS v. STATE.

No. 22746.

Court of Criminal Appeals of Texas.

Feb. 2, 1944.

Rehearing Denied March 22, 1944.

Alex P. Pope, of Tyler, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The offense is an attempt to commit arson. The punishment assessed is confinement in the state penitentiary for a period of two years.